**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TAMMY M. ELGERSMA, | No. 13-17344 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:11-cv-01322-SLG |
| v. | MEMORANDUM[*] |
| NORIDIAN ADMINISTRATIVE SERVICES, LLC, | |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Sharon L. Gleason, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Tammy Elgersma appeals pro se from the district court's summary judgment

in her employment action alleging retaliation in violation of Title VII.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment because Elgersma failed to establish a prima facie case of retaliation. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (setting forth elements of a prima facie case of retaliation under Title VII, and explaining that the plaintiff must show that protected conduct was a but-for cause of the adverse employment action). Even if Elgersma had established a prima facie case, she failed to raise a genuine dispute of material fact as to whether Noridian's legitimate, nondiscriminatory reasons for her termination were pretextual. *See Munoz v. Mabus*, 630 F.3d 856, 865 (9th Cir. 2010) ("[The] plaintiff bears the ultimate burden of showing defendant's stated reasons to be merely pretextual, once defendant has given legitimate, non-retaliatory grounds for its actions.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

13-17344

We reject as without merit Elgersma's contentions that the district court was biased and conspired with defense counsel.

Elgersma's requests for sanctions against defendant and defense counsel, set forth in her briefs, are denied.

**AFFIRMED.**